IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONWIDE MUTUAL | * | |
| INSURANCE COMPANY | * | |
| | * | |
| v. | * | Civil No. JFM-05-2792 |
| | * | |
| CHLOE ANN JONES, et al. | * | |
| | ***** | |

MEMORANDUM

Plaintiff Nationwide Mutual Insurance Company ("Nationwide") brings this action for declaratory judgment against Defendants Chloe Ann Jones and her minor child Lateesha Jones, and Defendants Martina Ford and her minor children Brandon Williams and Naya Williams. Nationwide asks this court to enter a judgment declaring that Nationwide has no duty under Nationwide Policy No.: 52 19 HO 361151 to defend and indemnify Chloe Ann Jones and Lateesha Jones for the claims of Ms. Ford, Brandon Williams, and Naya Williams in the case captioned *Martina Ford, et al. v. Baltimore City Department of Social Services, et al.*, in the Circuit Court for Baltimore City, Case No.: 24-C-05-006657. For the reasons stated below, Nationwide's motion for summary judgment is granted in part and denied in part. The motion to dismiss by Chloe Ann Jones and Lateesha Jones is denied.

I.

In July 2004, Brandon and Naya Williams lived in foster care with Chloe Ann Jones at her house in Randallstown, Maryland. At that time, Brandon was two and a half years old and Naya was four. Ms. Jones' daughter Lateesha, 14 at the time, also lived in the house. In return for caring for Brandon and Naya, Ms. Jones received money from the State of Maryland on a regular basis. *See* Md. Code Ann., Fam. Law § 5-527 (providing for payment to foster parents).

On July 21, 2004, Brandon suffered severe brain injuries that likely will require lifetime

care.  The cause of Brandon's injuries is the subject of a lawsuit filed July 25, 2005, in the Circuit Court for Baltimore City by Ms. Ford on her behalf and on behalf of Brandon and Naya Williams against the Baltimore City Department of Social Services, several employees of the Department, Ms. Jones, and Lateesha Jones.[1]  Ms. Ford's state court complaint accuses Ms. Jones of negligence in leaving Brandon in the care of Lateesha on July 21, 2004.  The complaint accuses Lateesha of battery and, under an alternative set of facts, negligence.  Under the battery count, Ms. Ford alleges Lateesha "brutally slammed Brandon on a set of concrete steps numerous times in an attempt to imitate a scene she saw on television" then "shook Brandon numerous times" before putting him into his bed.  (State Second Am. Compl. ¶¶ 36-37, Ford's Opp'n, Ex. 1 at 7.)  Under the negligence count, Lateesha allegedly "attempted to throw Brandon up into the air and catch him, attempting to duplicate something she had seen on a cartoon show" and "was unable to catch him, instead negligently dropping him onto a set of concrete steps."  (*Id.* ¶¶ 92-93.)  In either scenario, Naya Williams allegedly witnessed the incident and "was within the zone of danger."  (*Id.* ¶ 36.)

Ms. Jones holds an insurance policy ("the policy") from Nationwide and has claimed coverage for Lateesha and herself.  On October 12, 2005, Nationwide filed this action requesting I declare Nationwide has no duty to defend or indemnify Ms. Jones or Lateesha for the claims made against them in state court.  Shortly thereafter, Nationwide moved for summary judgment and Ms. Jones opposed and moved to dismiss.

II.

---

[1] The allegations against the Baltimore City Department of Social Services and its employees are irrelevant to this declaratory judgment action.

Declaratory judgments in advance of tort trials, to resolve issues presented in the pending tort cases, should be rare. *Allstate Ins. Co. v. Atwood*, 572 A.2d 154, 157 (Md. 1990). However, declaratory judgments are appropriate in certain instances to resolve questions of policy coverage, where those questions are "independent and separable from the claims asserted in a pending suit by an injured third party." *Id.* at 156 (citing *Brohawn v. Transamerica Ins. Co.*, 347 A.2d 842, 848 (Md. 1975)). In a declaratory judgment action such as this, a court must first ascertain the scope of coverage and exclusion under the policy in light of the plain meaning of the language of the insurance contract. *Travelers Indem. Co. v. Jim Coleman Auto. of Columbia, LLC*, 236 F. Supp. 2d 513, 515 (D. Md. 2002). Then the court must examine the allegations of the plaintiff's complaint in the underlying suit to see if there is a duty to defend and/or coverage. *Id.*

Even where a tort plaintiff fails to allege facts that clearly bring the claim within coverage, the insurer must defend if the plaintiff shows a *potentiality* of coverage. *Brohawn*, 347 A.2d at 850. If coverage is uncertain from the allegations in the underlying suit, the court must resolve any doubts in favor of the insured. *Aetna Cas. & Sur. Co. v. Cochran*, 651 A.2d 859, 863-64 (Md. 1995). It is only where the alleged conduct of the insured as to one or more of the claims made is "patently" outside the terms of the insurance contract and "as a matter of law" is excluded from the policy, that a pre-tort trial declaratory judgment should be rendered. *Allstate*, 572 A.2d at 157.

As a preliminary matter, Defendants here argue that a declaratory judgment is inappropriate because the issues will be litigated in state court. To the contrary, the issues I decide here will *not* be the subject of the state proceeding. I only decide whether the allegations

contained in the state court complaint, if true, implicate coverage under the insurance policy such that Nationwide must defend and/or indemnify Ms. Jones and Lateesha. The finder of fact in state court will decide the veracity of those allegations and determine what exactly happened to Brandon on July 24, 2004.

### III.

In order for the personal liability portion of the policy to be triggered, the damages claimed in the state complaint must be due to an "occurrence." The policy defines an occurrence to mean "bodily injury . . . resulting from an accident . . . ." If there is no accident, then there is no occurrence. In Maryland, an act of negligence constitutes an "accident" under a liability insurance policy when the resulting damage was an event that took place without the insured's foresight or expectation. *Sheets v. Brethren Mutual Ins. Co.*, 679 A.2d 540, 548 (Md. 1996). In other words, when a negligent act causes damage that is unforeseen or unexpected by the insured, the act is an accident. *Id.* This is a subjective standard focusing on the actual foresight of the insured. *Id.* The Maryland Court of Appeals specifically rejected an objective standard centering on what "*should have* been foreseen or expected by the insured." *Id.* at 549.

Counts XI, XII, and XIII of the complaint allege Lateesha threw Brandon into the air and intended to catch him. In other words, Lateesha's expectation was that Brandon would land in her arms, not on the ground. The damage done to Brandon when Lateesha failed to catch him qualifies as an "accident" under the policy and triggers the personal liability portion of the policy. If Lateesha intentionally injured Brandon, as set forth in alternative allegations in the complaint, obviously there would be no accident, no occurrence, and no coverage under the policy. However, my job is not to choose which allegation correctly describes the events leading

4

to Brandon's injury.  The negligence allegation creates a potentiality of coverage and obligates Nationwide to defend Lateesha and Ms. Jones unless an exception to the policy applies.[2]

IV.

An exception to the policy applies to Ms. Jones.  The policy does not cover bodily injury "arising out of business pursuits of an insured."  (Nationwide's Mot. for Summ. J., Ex. 3 at H1.)  "Business" is defined to include "home care services regularly provided to a person or persons, other than insureds or insureds' relatives, for which there is monetary or other compensation."  (*Id.* at A1.)  Here, Ms. Jones provided home care services to Brandon and received monetary compensation in return.  Defendants do not dispute Nationwide's contention that Brandon is a non-insured.  Therefore, Brandon's injury arose from a "business pursuit" of Ms. Jones' and Nationwide need not defend or indemnify her.

V.

Nationwide contends three exceptions to coverage apply to Lateesha.

A.

The policy excludes from coverage claims for bodily injury "caused intentionally by or at the direction of an insured, including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct."  (*Id.* at H1.)  Here, Nationwide essentially asks me to conclude Lateesha ought to have known when she threw Brandon into the air that she

---

[2]Insurance policies like this one create an incentive for plaintiffs and defendants to collude to recharacterize intentional acts as negligent ones.  Indeed, Ms. Ford's initial complaint in state court included only allegations of intentional abuse by Lateesha; the negligence counts were added after Nationwide brought this action.  Collusion is improper.  *See Penn-America Ins. Co. v. Lewis*, 395 F. Supp. 2d 250, 254 (D. Md. 2005).  If, subsequent to my ruling, Ms. Ford and Ms. Smith settle this case and characterize Lateesha's act as negligence, Nationwide is entitled to dispute this characterization in court.

would fail to catch him.[3]  From the allegations of the complaint, I cannot reach this conclusion.[4]

Even if I could, this issue seems likely to be resolved in state court and may not be a proper subject for declaratory judgment.  Moreover, application of this exclusion in circumstances like these would raise the same problems discussed by the Maryland Court of Appeals in *Sheets* -- it would tend to eliminate coverage for many negligent acts and might render insurance policies all but meaningless:

> To adopt Aetna's interpretation that an injury is not caused by accident because the injury is reasonably foreseeable would mean that only in a rare instance would the comprehensive general liability policy be of any benefit to Carter Lake.  Enforcement of the policy in this manner would afford such minimal coverage as to be patently disproportionate to the premiums paid and would be inconsistent with the reasonable expectations of an insured purchasing the policy.  Under Aetna's construction of the policy language if the damage was foreseeable then the insured is liable, but there is no coverage, and if the damage is not foreseeable, there is coverage, but the insured is not liable.  This is not the law.  The function of an insurance company is more than that of a premium receiver.

*Sheets*, 679 A.2d at 549 (quoting *City of Carter Lake v. Aetna Cas. and Sur.*, 604 F.2d 1052,

---

[3]This objective analysis ("ought to know") differs from the subjective analysis regarding whether there was an "occurrence."  *See* discussion *supra* Part III.

[4]Nationwide also argues in its reply brief that the *intentional* act of throwing Brandon into the air is excluded from coverage and failure to catch is no defense.  In both cases cited by Nationwide to support its argument, however, the court excluded acts from coverage because the acts constituted batteries.  *See Northfield Ins. Co. v. Boxley*, 215 F. Supp. 2d 656, 662-63 (D. Md. 2002) (intentionally shooting a gun in anger constituted a battery even if the shooter did not intend to hit the victim); *Blue Ridge Ins. Co. v. Puig*, 64 F. Supp. 2d 514, 518 (D. Md. 1999) (intentionally kicking in a bathroom stall door to frighten a victim constituted a battery even if the kicker did not intend for the door to hit the victim).  These holdings relied on the rule in Maryland that if one commits an assault, and in the course of committing the assault that person comes into contact with the person assaulted, the intent element of battery may be supplied by the intent element of the assault.  *Nelson v. Carroll*, 735 A.2d 1096, 1102 (Md. 1999).  Here, the allegations in the complaint do not make clear that Lateesha intended to cause apprehension in Brandon of immediate physical harm when she threw him into the air.  *See id.* (discussing intent required for assault and battery).

1058 (8th Cir. 1979)).

B.

The policy excludes from coverage claims for bodily injury "caused by or resulting from an act or omission which is criminal in nature and committed by an insured." (Nationwide's Mot. for Summ. J., Ex. 3 at H1.)  Nationwide asks me to find that Lateesha's act of throwing Brandon into the air and failing to catch him was "criminal in nature," a term I interpret to mean "defined as criminal by Maryland law." *See Allstate Ins. Co. v. Burrough*, 120 F.3d 834, 840 (8th Cir. 1997) ("As a party to a contract governed by Arkansas law, a reasonable insured would understand that a criminal acts exclusion would exclude coverage for acts defined as criminal by the Arkansas Criminal Code.")  Nationwide contends Lateesha's conduct qualifies as criminal under the Maryland criminal statutes governing child abuse and reckless endangerment.[5]

In Maryland, child abuse is defined as "physical injury sustained by a minor as a result of cruel or inhumane treatment or as a result of a malicious act under circumstances that indicate that the minor's health or welfare is harmed or threatened by the treatment or act." Md. Code Ann., Crim. Law § 3-601.  When viewed in the light most favorable to Lateesha, the negligence allegations in the complaint do not amount to child abuse.  Her act was not "cruel or inhumane

---

[5]To bolster its case, Nationwide points out that Lateesha pled guilty to a juvenile offense in connection with this incident.  In response, Ms. Jones has submitted an affidavit stating Lateesha "did not plead guilty to any criminal charge arising out of this incident." (Chloe Ann Jones Aff. ¶ 13, Jones' Opp'n, Ex. 1 at 4.)  The response is carefully worded -- in Maryland a child may be subject to proceedings which are civil, rather than criminal, in nature to determine if the child committed a "delinquent act." *See* Md. Code Ann., Cts. & Jud. Proc. § 3-8A-01 *et seq.*; *In re Anthony W.*, 879 A.2d 717, 725-26 (Md. 2005).  Lateesha may have pled guilty to a juvenile offense, which is technically civil.  Regardless, a guilty plea is not dispositive.  *See Brohawn*, 347 A.2d at 848 ("When a plea of guilty has been entered in the prior action, no issues have been 'drawn into controversy' by a 'full presentation' of the case.  It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation.").

treatment" or "malicious," because she did not intend to harm Brandon.

Maryland law imposes criminal liability on those who "recklessly engage in conduct that creates a substantial risk of death or serious physical injury to another." Md. Code Ann., Crim. Law § 3-204. The elements of a prima facie case of reckless endangerment are: (1) that the defendant engaged in conduct that created a substantial risk of death or serious physical injury to another; (2) that a reasonable person would not have engaged in that conduct; and (3) that the defendant acted recklessly. *Holbrook v. State*, 772 A.2d 1240, 1247 (Md. 2001). In determining whether the defendant has the requisite *mens rea*, "[t]he test is whether the appellant's misconduct, viewed objectively, was so reckless as to constitute a gross departure from the standard of conduct that a law-abiding person would observe, and thereby create the substantial risk that the statute was designed to punish." *Id.*

Again, under the allegations of the complaint viewed in the light most favorable to Lateesha, I cannot find that she is guilty of reckless endangerment. The complaint only states that Lateesha "attempted to throw Brandon up into the air and catch him." Nationwide essentially asks me to find as a matter of law that any attempt to throw a child into the air constitutes criminal recklessness, which I will not do. Moreover, the inquiry required of me on this issue is similar to the inquiry the finder of fact in state court will undertake.

C.

The policy excludes from coverage claims for bodily injury "resulting from . . . physical or mental abuse . . . whether actual, alleged, or threatened." (Nationwide's Mot. for Summ. J., Ex. 3 at H2.) For the reasons stated in the discussion of criminal child abuse, *supra* Part B, this exclusion does not apply.

VI.

The policy does not cover the claim asserted by Naya Williams in the state court action. Under the policy, Nationwide is only obligated to pay damages to the insured due to "bodily injury," which "does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm." (*Id.* at G1.) The complaint alleges Naya "suffered shock, fright, alarm, anxiety, emotional distress, and physical and psychological pain and suffering" due to her position "in the zone of danger." (State Second Am. Compl. ¶¶ 106-07, Ford's Opp'n, Ex. 1 at 18.) Although Naya allegedly suffered physical injuries due to her emotional distress, Lateesha Jones is not alleged to have struck, dropped, or otherwise touched Naya. Thus, Naya's injuries are not the "direct result of bodily harm." Her claims are for intentional or negligent infliction of emotional distress, which the explicit terms of the policy exclude from coverage.

In sum, Nationwide is entitled to a declaratory judgment that (1) it is not required to defend or indemnify Chloe Ann Jones for any of the claims in state court and (2) it is not required to defend or indemnify Lateesha Jones for the claims of Naya Williams. However, Nationwide is required to defend Lateesha Jones against the claims made by Ms. Ford and Brandon Williams. A separate order is being entered herewith.

| | |
|---|---|
| February 15, 2006 | /s/ |
| Date | J. Frederick Motz |
| | United States District Judge |